653 F.2d 1277
 James Salazar PADOR, Petitioner-Appellant,
v.
Thomas A. MATANANE, Manager, Community Correctional Center,
Department of Corrections, Government of Guam, and
Attorney General of the Territory of
Guam, Respondents-Appellees.
 No. 80-4440.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 29, 1981.
Decided Aug. 17, 1981.
Rehearing Denied Sept. 22, 1981.
 
 Howard Trapp, Trapp, Gayle, Teker, Lacy, Moore & Layne, Agana, Guam, for petitioner-appellant.
 R. Barrie Michelsen, Dep. Atty. Gen. of Guam, Agana, Guam, for respondents-appellees.
 Appeal from the United States District Court for the District of Guam.
 Before KILKENNY, SNEED and FARRIS, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 The issue before us is whether a petitioner for a writ of habeas corpus following a judgment of conviction entered by the Superior Court of Guam, which was affirmed by the Appellate Division of the District Court of Guam and this court, may be required to exhaust the territorial remedies available to him before the District Court of Guam will entertain his petition. The District Court of Guam held that such exhaustion was necessary. We affirm.
 
 I.
 FACTS
 
 2
 Petitioner was convicted of murder in the first degree and sentenced to life imprisonment by the Superior Court of Guam. This conviction was affirmed by both the Appellate Division of the District Court and this court. People of Territory of Guam v. Pador, No. 78-1570 (9th Cir. Oct. 18, 1978). Thereafter petitioner filed his petition for a writ of habeas corpus in the District Court of Guam. This petition for the first time asserts that petitioner was denied effective assistance of counsel. The excuse given for failure to raise this issue on appeal from the judgment of conviction is that the supporting facts "did not appear in the record on appeal." (Petition, para. 13.) The failure to seek habeas corpus relief in the Superior Court of Guam pursuant to Chap. 135 of the Guam Criminal Procedure Code was justified on the ground that the relief petitioner seeks is a cause "arising under the Constitution, treaties, and laws of the United States" with respect to which the District Court of Guam has original jurisdiction pursuant to 48 U.S.C. § 1424. The District Court of Guam denied the petition on the grounds that within the meaning of section 1424 the issue raised by the petition was not embraced by the "arising under" language of that section and that "comity and judicial efficiency would be better served" by requiring the petitioner first to exhaust remedies available to him under the laws of Guam.II.
 
 ANALYSIS
 
 3
 The petitioner-appellant does not take issue with the district court's position with respect to comity and judicial efficiency. Nor could he. Although Guam is a territory rather than a state and appeals from its superior court are to a body having federal characteristics, it remains true, as it is in the case of states, that ordinarily it is better to require the exhaustion of local remedies before entertaining and issuing the writ of habeas corpus. Attention to constitutional duties will remain sharp so long as responsibility for their enforcement remains undiluted.
 
 
 4
 Petitioner-appellant's sole argument is that pursuant to 48 U.S.C. § 1424 his petition presents a cause that arises under the Constitution. It follows, he asserts, that only the District Court of Guam could entertain his petition. We disagree. The assertion of a constitutional right by way of a collateral attack upon a criminal conviction is no more the assertion of a cause "arising under" the Constitution within the meaning of this provision than would be the assertion of the same right in the course of a criminal proceeding before the Superior Court of Guam.
 
 
 5
 That the latter escapes the federal question exclusive jurisdiction of the District Court of Guam has been recognized by the Supreme Court. In Guam v. Olsen, 431 U.S. 195, 201-02, 97 S.Ct. 1774, 1778-79, 52 L.Ed.2d 250 (1977), the Court observed:
 
 
 6
 "Important federal issues can be presented in cases which do not fall within the District Court's federal-question jurisdiction, because they do not 'arise under' federal law, but instead fall within the exclusive jurisdiction vested in the Superior and Supreme Courts by the Reorganization Act, (Guam Reorganization Act of 1974, Guam Pub.L. 12-85).
 
 
 7
 From this observation we confidently draw the conclusion that the "arising under" language of 48 U.S.C. § 1424 should be interpreted in a manner that is guided more by the practicalities of judicial administration pertaining to the Territory of Guam than by the dry, literal force of its language. We know of nothing in the legislative history of this provision that suggests this interpretive guide should not be employed in this case.[1]
 
 
 8
 Therefore, we affirm the denial of the petition by the District Court of Guam.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This result obviously does not rest upon 28 U.S.C. § 2254(b) because the exhaustion requirement of that subsection is limited to "courts of the State." (Italics added) Rather we rest our decision on principles of comity and efficiency supporting the exhaustion requirement that antedate the statute and of which 28 U.S.C. § 2254(b) was but a codification. See Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 343, 79 L.Ed. 791 (1935). The fact that Congress from time to time explicitly provides that both states and territories are intended to be reached by its statute, e. g., 42 U.S.C. § 1301(a)(1) and 28 U.S.C. § 1332(d), in no way suggests that our reading of 48 U.S.C. § 1424 is erroneous or that Congress intended to preclude this reading by its earlier enactment of 28 U.S.C. § 2254(b)