

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2000

# Walker v. Govt of VI

Precedential or Non-Precedential:

Docket 99-3329

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation
"Walker v. Govt of VI" (2000). *2000 Decisions.* Paper 219.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/219

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 13, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 99-3329

CHARLES WALKER
Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS;
EDWIN HARRIS, Warden of the Bureau of Corrections

On Appeal From the District Court of the Virgin Islands
(D.C. Civil Action No. 98-cv-00220)
District Judge: Honorable Thomas K. Moore

Argued: April 13, 2000

BEFORE: SLOVITER, ROTH and STAPLETON,
Circuit Judges

(Opinion Filed: October 13, 2000)

        Patricia Schrader-Cooke (Argued)
        Office of Federal Public Defender
        P.O. Box 3450
        Christiansted, Saint Croix
        USVI 00822
         Attorney for Appellant

          Joel H. Feld (Argued)
          Office of Attorney General of
           Virgin Islands
          Department of Justice
          48B-50 Kronprindsens Gade
          Charlotte Amalie, St. Thomas
          USVI 00802
           Attorney for Appellees

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Petitioner Charles Walker was convicted and sentenced by the Territorial Court of the Virgin Islands for breaking various Virgin Islands criminal laws. Following his conviction, Walker filed a petition for a writ of habeas corpus in the District Court of the Virgin Islands which held that it lacked subject-matter jurisdiction over Walker's case. Our threshold task in this appeal is to satisfy ourselves that we have jurisdiction to entertain it. That task requires a review of the statutes and case law governing the litigation of habeas corpus petitions in the Virgin Islands. We ultimately conclude that we have no jurisdiction in the absence of a certificate of appealability issued under 28 U.S.C. S 2253(c). Because this Court has never held that a petitioner in Walker's position must secure a certificate of appealability in order to litigate an appeal, we will afford him a fair opportunity to request such a certificate and to provide support for that request. A certificate will be issued only if Walker is able to meet the standard recently established in Slack v. McDaniel, ___ U.S. ___, 120 S. Ct. 1595 (2000).

I.

On November 5, 1996, Charles Walker arrived in St. Thomas, Virgin Islands, where he used stolen credit cards to purchase approximately $16,000 in jewelry. As he attempted to board a flight back to the mainland the following day, he was questioned by a United States

Customs agent regarding his customs declaration form. During the course of their discussion, the customs agent apparently looked through Walker's wallet and discovered credit cards that did not bear his name and then discovered that Walker had not declared the $16,000 in jewelry that he purchased. Walker was detained at the airport and arrested later that same day. On November 6, 1996, the Government of the Virgin Islands charged Walker with three counts of credit-card fraud, in violation of 14 V.I.C. S 3004, and two counts of possession of stolen property, in violation of 14 V.I.C. S 2101(a).

Before his trial in the Territorial Court, Walkerfiled a suppression motion, arguing that the airport search violated his Fourth Amendment rights. His motion was denied,[1] and he was tried and convicted of all counts. After being sentenced to 23 years of imprisonment and a $13,000 fine, Walker appealed to the Appellate Division of the District Court of the Virgin Islands. Notably, that appeal is currently pending.

Thereafter, Walker filed a petition for a writ of habeas corpus in the District Court of the Virgin Islands. His petition invokes 5 V.I.C. S 1303, the Virgin Islands habeas statute, and alleges that he is in custody in violation of his Fourth Amendment rights. The District Court dismissed the petition for lack of jurisdiction, and Walker appealed to this Court.

II.

Ironically, our analysis of our own jurisdiction over this appeal requires us to start with the issue that occasions it: whether the District Court for the Virgin Islands had jurisdiction to entertain Walker's habeas petition. We conclude that it did.

Section 1303 of Title 5 of the Virgin Islands Code provides that "[t]he writ of habeas corpus may be granted by the district court, upon petition by or on behalf of any

_____

1. Petitioner also moved to suppress the identification of him by a salesperson from the jewelry store while he was detained in a holding cell at the airport. That motion was granted. See App. 19.

person restrained of his liberty." As we explain in the opinion filed today in Callwood v. Enos, ___ F.3d ___ (3d Cir. October, 2000), however, this grant of jurisdiction to the district court was implicitly repealed on October 1, 1991, by the enactment of 4 V.I.C. S 76(a) which vested original jurisdiction of all local civil actions in the territorial courts of the Virgin Islands. Callwood v. Enos , ___ F.3d ____, ____ (3d Cir. October, 2000). 2 Accordingly, the District Court properly held that it was without jurisdiction to grant Walker relief under S 1303. But that does not end the matter.

In 1984, Congress amended S 22 of the Revised Organic Act3 so that it now reads: "The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of Title 28, and that of a bankruptcy court of the United States. . .." 48 U.S.C. S 1612(a).4

_____

2. 4 V.I.C. S 76(a) provides:

> (a) Subject to the original jurisdiction conferred on the District Court by Section 22 of the Revised Organic Act of 1954, as amended, effective October 1, 1991, the Territorial Court shall have original jurisdiction in all civil actions regardless of the amount in controversy; to supervise and administer estates andfiduciary relations; to appoint and supervise guardians and trustees; to hear and determine juvenile, divorce, annulment and separation proceedings; to grant adoptions and changes of name; to establish paternity; to legitimize children and to make orders and decrees pertaining to the support of relations.

3. The United States Constitution, Article IV, Section 3, "empowers Congress to establish all necessary rules and regulations concerning the unincorporated territory of the Virgin Islands, including the power to designate the jurisdiction of the District Court and the Territorial Court."
Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993). In 1954, Congress exercised this power by enacting the Revised Organic Act of the Virgin Islands, Act of July 22, 1954, ch. 558, 68 Stat. 497 (codified, as amended, at 48 U.S.C. S 1541 et seq.), which represents the "Virgin Islands equivalent of a constitution." Brow , 994 F.2d at 1032.

4. When first enacted, S 22 read:

> The District Court of the Virgin Islands shall have the jurisdiction of

a district court of the United States in all causes arising under the

4

In addition, in 1984, Congress added the following language to S 23 of the Revised Organic Act to help further define the intended relationship between the District Court and the Territorial Court.

> The relations between the courts established by the Constitution or laws of the United States and the courts established by local law with respect to appeals, certiorari, removal of causes, the issuance of writs of habeas corpus, and other matters or proceedings shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings . . . .

48 U.S.C. S 1613 (emphasis added).

Finally, in 1984 Congress amended S 24(b) of the Revised Organic Act so that it now reads:

> Where appropriate, the provisions of part II of Title 18 and of Title 28, and, notwithstanding the provisions of rule 7(a) and of rule 54(a) of the Federal Rules of Criminal Procedure relating to the requirement of indictment and to the prosecution of criminal offenses in the Virgin Islands by information, respectively, the rules of practice heretofore or hereafter promulgated and made effective by the Congress or the Supreme Court of the United States pursuant to Titles 11, 18, and 28 shall apply to the district court and appeals therefrom . . . .

48 U.S.C. S 1614(b).

When read together, we believe that these provisions of the Revised Organic Act establish that Congress has given jurisdiction to the District Court of the Virgin Islands to

_____

> Constitution, treaties and laws of the United States, regardless of the sum or value of the matter in controversy. It shall have
general
> original jurisdiction in all other causes in the Virgin Islands, exclusive jurisdiction over which is not conferred by this Act upon the inferior courts of the Virgin Islands.

Act of July 22, 1954, ch. 558, S 22, 68 Stat. 506.

5

issue writs of habeas corpus on behalf of persons held in custody pursuant to a judgment of the Territorial Court. First, S 22, as amended, affirmatively bestows on the District Court of the Virgin Islands the entire jurisdiction of a District Court of the United States -- the District Court of the Virgin Islands "shall have the jurisdiction of a District Court of the United States." 48 U.S.C.S 1612(a) (emphasis added). Section 23 then expressly provides that, with respect to the issuance of writs of habeas corpus, the relationship between the District Court of the Virgin Island and the Territorial Court shall be equivalent to the relationship between the district courts of the United States and the state courts. It follows a fortiori that the District Court of the Virgin Islands has jurisdiction to grant writs of habeas corpus to persons in custody pursuant to a sentence of the Territorial Court.

That the District Court has such power is confirmed by S 24(b). That provision can be read in one of two ways. It can be understood to mean that either (1) "[w]here appropriate, the provisions of part II of Title 18 and of [part II of] Title 28 . . . shall apply to the district court and appeals therefrom;" or (2) "[w]here appropriate, the provisions of part II of Title 18 and [the provisions] of Title 28 . . . shall apply to the district court and appeals therefrom." In short, the issue is whether the prepositional phrase, "of Title 28," modifies the subject of the sentence, "provisions," or whether it modifies the prepositional phrase, "of part II." We read it to modify the former so that Congress has specifically provided that, where appropriate, the habeas provisions of Title 28 shall apply to the District Court of the Virgin Islands.5

_____

5. The prior version of S 24(b) read:

> The rules of practice and procedure heretofore or hereafter promulgated and made effective by the supreme Court of the United States pursuant to section 2072 of title 28, United States Code, in civil cases, and section 30 of the Bankruptcy Act in Bankruptcy cases, shall apply to the District Court of the Virgin Islands and appeals therefrom.

Act of July 22, 1954, c. 558, S 25, 68 Stat. 506, 507.

6

We reach this conclusion for two reasons: First, to the extent that Congress desired to limit application of S 1614(b) to Part II of Title 28, there was no need to include an "of " before Title 28. In other words, the grammatically preferable way of communicating that desire would have been to say: [w]here appropriate, the provisions of part II of Title 18 and [the provisions] of Title 28 . . . shall apply to the district court and appeals therefrom." Second, and more importantly, while Part II of Title 18 governs criminal procedure, a topic clearly germane to the courts, Part II of Title 28 addresses only the Department of Justice, with specific chapters addressing the Attorney General, the FBI, the U.S. Attorneys, the U.S. Marshals, the U.S. Trustees, and the Independent Counsel. See 28 U.S.C.SS 501-99. We can think of no reason why those provisions should apply to the District Court of the Virgin Islands, as they are addressed solely to the Executive Branch. Thus, we conclude that, having vested the District Court of the Virgin Islands with the jurisdiction of the district courts of the United States, Congress intended all of the provisions of Title 28, which speak to procedure, jurisdiction, venue, and particular proceedings (e.g., habeas), to apply, "[w]here appropriate," to the District Court of the Virgin Islands.

To recapitulate, in 1984 Congress made three significant changes to the Revised Organic Act: (1) it unqualifiedly gave the District Court of the Virgin Islands the entire jurisdiction of the district courts of the United States; (2) it specifically provided that, with respect to the granting of writs of habeas corpus, the relationship between the District Court of the Virgin Islands and the Territorial Court shall be equivalent to that of the districts courts of the United States and the courts of the several States; and (3) it provided that, where appropriate, the provisions of Title 28 of the United States Code shall apply to the District Court of the Virgin Islands. We now hold that, pursuant to those amendments, S 2254 of Title 28 applies to the District Court of the Virgin Islands so as to confer jurisdiction upon it to entertain habeas corpus petitions from those in custody pursuant to a judgment of the Territorial Court.

Section 2254 authorizes "a district court [to] entertain an application for a writ of habeas corpus in behalf of a person

7

in custody pursuant to a judgment of a State court." Given Congress' intent that the relations between the District Court of the Virgin Islands and courts established by local law should be the same as those between district courts of the United States and state courts, we conclude that it is "appropriate" under S 24(b) of the Revised Organic Act to apply S 2254 to the District Court of the Virgin Islands where the petitioner is in custody serving a sentence of the Territorial Court.6

Of course, a prisoner may not immediately avail himself or herself of the remedies provided by S 2254. Section 2254(b) expressly requires that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. S 2254(b)(1)(A); see also Aldan, 718 F.2d at 891 ("the requirement of exhaustion of remedies exists to avoid an

_____

6. Although the applicability of S 2254 is a novel question in this circuit,
the Ninth Circuit Court of Appeals, which has jurisdiction over the Territory of Guam, has apparently concluded thatS 2254 applies in cases such as this one. Precedent from the Ninth Circuit on this issue is particularly persuasive because the jurisdictional statutes that govern Guam are identical to those at issue here. See  48 U.S.C. S 1424(b) (jurisdiction of the District Court of Guam); id. S 1424-2 (relationship between the territorial courts and the District Court); id. S 1424-4 (applicability of Title 28 to the District Court of Guam). Unfortunately, while it appears that the Ninth Circuit agrees thatS 2254 may be applied by the District Court of Guam in its review of convictions by the Guam territorial courts, there does not seem to be any case which specifically addresses the issue. In Aldan v. Salas, 718 F.2d 889 (9th Cir. 1983), petitioner sought habeas relief, pursuant to 28 U.S.C. S 2254, from his five-year sentence imposed by the Superior Court of Guam, and the Ninth Circuit never questioned the applicability ofS 2254. See also People v. Taimanglo, Civ. No. 91-0017A, 1991 WL 257357, at *1 (D. Guam App. Div. 1991) ("If Taimanglo believes that Guam has violated a federal constitutional right, he may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. S 2254 in the District Court of Guam in its original jurisdiction."); People v. Santos , DCA Crim. No. 85-00006A, 1985 WL 56576, at *2 (D. Guam App. Div. 1985) ("Defendant-Appellant then filed a petition for a Writ of Habeas Corpus in the District Court of Guam pursuant to 28 U.S.C. S 2254.").

8

adjudication of territorial criminal convictions by federal authorities, wherever possible, to the end that comity may be furthered and potential conflict avoided"); see also Pador, 653 F.2d at 1279 ("Although Guam is a territory rather than a state and appeals from its superior court are to a body having federal characteristics [(the Appellate Division)], it remains true, as it is in the case of states, that ordinarily it is better to require the exhaustion of local remedies before entertaining and issuing the writ of habeas corpus.").7 As we noted at the outset, Walker's direct appeal to the Appellate Division of the District Court is still pending. Therefore, the District Court should have dismissed his petition, not for lack of subject-matter jurisdiction, but for failure to meet the exhaustion requirement.

In reaching its conclusion that it was without jurisdiction, the District Court relied on our decisions in Ali v. Gibson, 572 F.2d 971 (3d Cir. 1978), and Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988). While that reliance is understandable, neither of those cases, in our view, requires a conclusion that the District Court lacked jurisdiction.

In 1978, we held in Ali that the District Court of the Virgin Islands lacked jurisdiction to entertain habeas corpus petitions under 28 U.S.C. S 2241. We reasoned:

> Section 2241(a) states that "(w)rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge .. . .." District courts, as used in this section, "mean the courts constituted by chapter 5" of the code. 28 U.S.C. S 451 (1970). The District Court for the Virgin Islands

_____

7. In addition, it bears noting that, while exhaustion is required by statute in section-2254 cases, it is also required in section-2241 cases. See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) ("The state exhaustion requirement is mandated by statute under 28 U.S.C. S 2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. S 2241."); see also Pador, 653 F.2d at 1279 ("ordinarily it is better to require the exhaustion of local remedies before entertaining and issuing the writ of habeas corpus.").

is not such a court. See 28 U.S.C. SS 81–131 (1970). This action, therefore, could not be brought under the federal habeas corpus statute . . . .

Ali, 572 F.2d at 974. Because the parallel text of 28 U.S.C. S 2254 is virtually the same, this rationale dictated a conclusion that S 2254, like S 2241, conferred no habeas jurisdiction on the District Court of the Virgin Islands. Ali's holding and its implication with respect to S 2254 were clearly correct under the law as it existed in 1978. They are also clearly inconsistent, however, with Congress' 1984 amendments to the Revised Organic Act which dictate that the District Court of the Virgin Islands shall have the same habeas jurisdiction to review judgments of the Territorial Court as the District Courts of the United States have to review judgments of state courts. Ali was thus overruled by Congress in 1984.

It is true, as the respondent stresses, that Ali was cited with approval by this Court in Bennett after the 1984 amendments to the Revised Organic Act went into effect. There, the petitioner sought to challenge the discretionary decision by the Virgin Islands Board of Parole to revoke his parole. The Court noted that "[o]rdinarily, a federal habeas corpus challenge to a parole board's decision is properly brought under 28 U.S.C. S 2241." Bennett, 850 F.2d at 163. The Court then recognized, however, that, "as we held in Ali, there was no jurisdictional authority for the district court over [the] section 2241 claim." Id. Nevertheless, the Court ultimately concluded that 5 V.I.C. S 1303 conferred jurisdiction on the District Court to entertain the petitioner's claim.

Bennett was a pro se case, and the 1984 amendments to the Revised Organic Act were not brought to the attention of the Court. They are not mentioned in the opinion. While this fact alone does not mean that our panel is entitled to ignore the holding in Bennett, this Court's comments regarding Ali were not a part of the holding there. The holding of the Court in Bennett was that it had jurisdiction under 5 V.I.C. S 1303.8 In the course of reaching that

_____

8. Bennett was decided prior to the October 1, 1991, effective date of 4 V.I.C. S 76(a) and the implied repeal of the jurisdictional grant to the District Court in S 1303. See Callwood v. Enos, ____ F.3d ____, ____ (3d Cir. October, 2000).

result, it rejected an argument that jurisdiction existed under 28 U.S.C. S 2241. That rejection, however, was not necessary to the Bennett Court's holding that it possessed jurisdiction under S 1303, and we are, accordingly, not bound by that rejection.

III.

With this foundation, we are in a position to directly address the issue of our own jurisdiction. Section 2253(a) of Title 28 provides as follows:

> In a habeas corpus proceeding [under sections 2241 or 2254] or a proceeding under section 2255 [brought by prisoners in custody under sentence of a court established by Congress] before a district judge, the final order shall be subject to review, on appeal, by the Court of Appeals for the Circuit in which the proceeding is held.

Under our previously discussed reading of SS 22, 23 and 24(b) of the Revised Organic Act, it necessarily follows that the proceeding in this case before a district judge of the Virgin Islands was a proceeding within the scope of S 2253(a) and that that section provides our statutory authority for entertaining this appeal. It also follows that our jurisdiction is limited by the provisions ofS 2253.

Section 2253 provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

11

28 U.S.C. S 2253(c)(1)-(2). Walker, of course, is being detained neither by "process issued by a state court" nor "under sentence of a court established by an Act of Congress." He is in custody under a sentence imposed by the Territorial Court, a court created by the Virgin Islands legislature. Nevertheless, as we have indicated, our reading of S 22, 23 and 24(b) of the Revised Organic Act convinces us that Congress intended the Territorial Court of the Virgin Islands to be treated as a state court for purposes of the federal habeas laws. Accordingly, we hold that a person in custody pursuant to the sentence of the Territorial Court of the Virgin Islands who is seeking to appeal a judgment of the District Court of the Virgin Islands denyingS 2254 relief must first obtain a certificate of appealability from this Court.

IV.

As noted, S 2253(c) permits a court of appeals to grant certificates of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has recently explained how this provision is to be applied in a situation like this where the District Court has denied relief without reaching the merits of the constitutional claim and where the constitutional claim is accordingly not the subject matter of the appeal. In Slack v. McDaniel, ___ U.S. ___, ___, 120 S. Ct. 1595, 1604 (2000), it held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." The analysis as to whether a certificate of appealability should issue to review a procedural question, thus, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id.

We think it clear that "jurists of reason wouldfind it debatable whether the district court was correct in its

procedural ruling" in this case. If the same were true of the merits of Walker's underlying constitutional claims, we would be inclined to treat his notice of appeal as an application for a certificate of appealability and grant that application. See, e.g., Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). However, the current record does not contain sufficient information to evaluate his petition under the standard announced in Slack. Because we have not previously held thatS 2253(c) applies to an appeal like Walker's, we will afford him a further opportunity to file an application for a certificate of appealability and to provide support sufficient to meet the standard established by Slack.

Because of the unusual context in which this case arises, we have been required in the course of our jurisdictional inquiry to decide the very issue that Walker seeks to have resolved in this appeal -- the issue of whether the District Court has jurisdiction to grant him habeas relief. This may mean that Walker will choose not to file an application for a certificate of appealability and, instead, take the steps necessary to exhaust the remedies available to him other than under S 2254. This will, of course, include whatever steps are necessary to secure a disposition of direct appeal. If Walker does not secure relief in that appeal, exhaustion, as we explain in Callwood, may also require him to file a post-conviction relief petition in the Territorial Court.9

V.

Within twenty days of the issuance of this opinion, Walker may file with this Court an application for a certificate of appealability and a supporting affidavit. If such an application is not timely filed, this appeal will be dismissed pursuant to 28 U.S.C. S 2253(c)(1).

_____

9. We express no opinion on whether the District Court's order dismissing the petition for want of jurisdiction, if not reversed or vacated
on appeal, will have collateral consequences should Walker file another S 2254 petition in the District Court after exhausting his other remedies.

13

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit