HARDIMAN, Circuit Judge,
dissenting.
I would dismiss this appeal for lack of jurisdiction. The majority contends that jurisdiction lies pursuant to Virgin Islands law (5 V.I.C. § 1303). In my view, the District Court of the Virgin Islands has jurisdiction to hear habeas petitions— whether initially or on appeal — only pursuant to federal law (28 U.S.C. §§ 2241, 2254). Because federal law (28 U.S.C. § 2253) requires that a certificate of ap-pealability issue before the Court of Appeals may consider a habeas petition, dismissal of this appeal is required.
I
Pursuant to the Revised Organic Act of 1954, the District Court, with limited exceptions, exercised general jurisdiction over all causes of action authorized by local law, and its federal jurisdiction was strictly limited to hearing cases arising under the Constitution, treaties, and laws of the United States. See Act of July 22, 1954, ch. 558, § 22, 68 Stat. 497; see also Callwood v. Enos, 230 F.3d 627, 630 (3d Cir.2000) (explaining history); Carty v. Beech Aircraft Corp., 679 F.2d 1051, 1057 (3d Cir.1982), superseded in part by statute, 48 U.S.C. § 1612 (explaining that the District Court acted “more like a state court of general jurisdiction than a United States district court”). In this era, the District Court “heard the majority of cases brought in the Virgin Islands, whether they were brought under federal or. local law, civil law or criminal law.” Callwood, 230 F.3d at 630 (citing Carty, 679 F.2d at 1057). Its jurisdiction included habeas petitions, which the District Court heard pursuant to local law, 5 V.I.C. § 1303, which provides: “The writ of habeas corpus may be granted by the district court, upon petition by or on behalf of any person restrained of his liberty.”
In 1984, Congress rewrote .the jurisdictional provisions of the Revised Organic Act. See Act of Oct. 5, 1984, Pub.L. No. 98-454, 98 Stat. 1732. It expanded the federal jurisdiction of the District Court to make it coextensive with. United States District Courts. See 48 U.S.C. § 1612(a); Callwood, 230 F.3d at 631. At the same time, Congress empowered the Virgin Islands legislature to vest jurisdiction over local actions exclusively in the local courts. See 48 U.S.C. § 1612(b); Callwood, 230 F.3d at 631. The Virgin Islands legislature did just that in 1990, vesting jurisdiction over all local civil actions in the Superior Court as of October 1, 1991. See 4 V.I.C. § 76(a); Callwood, 230 F.3d at 631.
In a trilogy of cases decided October 13, 2000, we explained the impact of these jurisdictional changes on the relationship between the local courts and the District Court relative to the adjudication of habe-as petitions. See Callwood v. Enos, 230 F.3d 627 (3d Cir.2000); Parrott v. Gov’t of Virgin Islands, 230 F.3d 615 (3d Cir.2000); Walker v. Gov’t of Virgin Islands, 230 F.3d 82 (3d Cir.2000).
*283 In Callwood, we considered whether the District Court could continue to exercise habeas jurisdiction pursuant to local law over petitions filed by prisoners convicted of local crimes. See 230 F.3d at 631-32. Because the newly enacted 4 V.I.C. § 76(a) vested jurisdiction over all civil actions in the local courts, we held that “the District Court of the Virgin Islands was divested of jurisdiction to consider petitions for writs of habeas corpus under territorial habeas corpus law.... [T]o the extent that [5 V.I.C.] § 1303 vests jurisdiction in the District Court over a habeas corpus action brought under that section, it ... has been repealed.” Id. at 632. In Parrott, we made clear that such habeas petitions must be brought in the Superior Court, even if the petitioner had been convicted of a local crime in the District Court at a time when it exercised general jurisdiction. 230 F.3d at 624.[1]
In Walker, we considered whether the District Court could nonetheless exercise jurisdiction pursuant to federal habeas law over petitions filed by prisoners who had violated local law. See 230 F.3d at 85-87. Citing Callwood, we found that “the District Court properly held that it was without jurisdiction to grant Walker relief under § 1303.” Id. at 85. However, after examining the amendments to the Revised Organic Act enacted in 1984, we held that the District Court could exercise jurisdiction over habeas corpus petitions from those in custody on account of Superior Court judgments pursuant to federal habe-as law, specifically 28 U.S.C. § 2254. Id. at 87. We based this holding, in part, on the fact that Congress expanded the jurisdiction of the District Court of the Virgin Islands to make it coextensive with United States District Courts, and that Congress “specifically provided that, with respect to the granting of writs of habeas corpus, the relationship between the District Court of the Virgin Islands and the [Superior] Court shall be equivalent to that of the district courts of the United States and the courts of the several States.” Id.; see also 48 U.S.C. § 1612(a) (vesting expanded federal jurisdiction); id. § 1613 (clarifying the relationship between the District Court of the Virgin Islands and the local courts). Having found that jurisdiction in the District Court was proper under § 2254, we dismissed the appeal for lack of appellate jurisdiction because the petitioner had not been granted a certificate of appealability, as required by 28 U.S.C. § 2253(c). See Walker, 230 F.3d at 89—90.
Relying on Walker, we also found in Callwood that the District Court had jurisdiction under federal habeas law over petitions attacking local parole proceedings. Callwood, 230 F.3d at 632-33. Citing Walker’s discussion of the jurisdictional changes to the Revised Organic Act made by Congress in 1984, “we eonclude[d] that although the District Court of the Virgin Islands does not have jurisdiction over Callwood’s petition under § 1303, ... it does have jurisdiction under 28 U.S.C. § 2241.” Id. at 633 (footnote omitted). Because Callwood had not exhausted his local remedies as required under federal habeas law, we dismissed his petition without prejudice to his ability to “refil[e] his challenge under § 2241 after exhaustion.” Id. at 634.
II
Applying the aforementioned principles to this appeal, certain conclusions are ap *284 parent. Had Hughley’s habeas petition been filed initially in the District Court invoking 5 V.I.C. § 1303 as its jurisdictional basis, Callwood, Parrott, and Walker would mandate dismissal. E.g., Callwood, 230 F.3d at 632. Likewise, had Hughley exhausted local remedies by filing a § 1303 petition in the Superior Court and then filed a separate habeas petition in the District Court, as a state prisoner in one of the fifty states would do, the District Court could hear the case under 28 U.S.C. § 2254. Walker, 230 F.3d at 87. Thereafter, a certificate of appealability under 28 U.S.C. § 2253(c) would be required before we could hear any appeal. Id. at 89.
The majority distinguishes Hughley’s case from either of these two scenarios because his petition was first filed in the Superior Court under 5 V.I.C. § 1303 and the District Court heard the case in its appellate capacity under 48 U.S.C. § 1613a(a).[2] See Maj. Typescript at 5. I find the majority’s distinction in conflict with the relevant trilogy.
To be sure, both Walker and Callwood dealt with habeas petitions that had been filed directly in the District Court under § 1303, whereas here the District Court considered Hughley’s § 1303 habeas petition on appeal from the Superior Court via § 1613a(a). But this distinction makes no difference because the underlying ability of the District Court to grant habeas relief is still grounded in local law — § 1613a(a) gives the District Court the power only to hear the appeal; § 1303 provides the substantive basis for habeas relief. Under the majority’s analysis, the District Court would be empowered to grant a habeas petition under § 1303. But Callwood held that the District Court has no power to grant relief under § 1303. See Callwood, 230 F.3d at 632; see also Walker, 230 F.3d at 85 (“[T]he District Court properly held that it was without jurisdiction to grant Walker relief under § 1303.”). Indeed, Callwood made no distinction between the District Court acting in its appellate capacity or hearing a habeas petition as a quasi territorial court under § 1303. Rather, we stated unequivocally that “to the extent that § 1303 vests jurisdiction in the District Court over a habeas corpus action brought under that section, it ... has been repealed,” and also “that the District Court of the Virgin Islands does not have jurisdiction under § 1303 over petitions filed under that section after October 1, 1991.” 230 F.3d at 632.
Furthermore, if § 1613a(a) granted the District Court jurisdiction over habeas actions brought under § 1303, there would have been no need for Walker and Call-wood to hold that jurisdiction was proper under § 2254 and § 2241, respectively. Walker, 230 F.3d at 85, 87; Callwood, 230 F.3d at 632-33. Instead, the petitioners in both cases could have gone to the Superior Court under § 1303 and then appealed to the District Court. Likewise, Callwood’s statement that the petitioner could refile his habeas petition under § 2241 in the District Court after he exhausted local remedies, 230 F.3d at 634, would have been unnecessary — the petitioner could have appealed the Superior Court decision without any need to invoke § 2241. These principles are reinforced by the fact that in Pamtt, we required petitioners convicted of local crimes to file habeas petitions in the Superior Court. 230 F.3d at 624. If the majority’s view were correct, petitioners never would have to invoke § 2254 or *285 § 2241 to obtain review in the District Court, a result which cannot be squared with Walker and Callwood.[3]
III
In sum, the statutory framework, as interpreted by Walker, Callwood, and Par-rott, mandates the following procedure. A petitioner — like Hughley — who collaterally attacks his local law conviction must file a habeas petition under 5 V.I.C. § 1303 in the Superior Court. Parrott, 230 F.3d at 624. Thereafter, he can obtain review in the District Court pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Callwood, 230 F.3d at 634; Walker, 230 F.3d at 87. If a petitioner wishes to appeal to the Third Circuit, he must comply with the certificate of appealability requirement imposed by 28 U.S.C. § 2253. Walker, 230 F.3d at 89.
My reading of the statutory framework is buttressed by my confidence that Congress could not have intended to give preferential treatment to prisoners in the Virgin Islands over prisoners in the fifty States. In enacting the amendments to the Revised Organic Act in 1984, Congress “specifically provided that, with respect to the granting of writs of habeas corpus, the relationship between the District Court of the Virgin Islands and the [Superior] Court shall be equivalent to that of the district courts of the United States and the courts of the several States.” Walker, 230 F.3d at 87; see also 48 U.S.C. § 1613. And by enacting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) with its certificate of appealability requirement, “Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not.” Miller-El v. Cockrell, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The majority’s reasoning eviscerates both of these principles by enabling prisoners convicted of Virgin Islands crimes to obtain review in our Court as of right while prisoners in the fifty States must satisfy the onerous gatekeeping requirements of AEDPA. By doing so, the majority guarantees that this Court will hear all habeas appeals filed by Virgin Islands prisoners, not just the ones “deserving of attention.”
I respectfully dissent.

. Prisoners convicted of federal crimes in the District Court may challenge their convictions directly in the District Court under 28 U.S.C. § 2255, as would any prisoner convicted of a federal crime in a district court of the United States. George v. Sively, 254 F.3d 438, 441 (3d Cir.2001).

. In the 1984 amendments to the Revised Organic Act, Congress provided that until the Virgin Islands legislature established an appellate court, the District Court would exercise appellate jurisdiction over the decisions of the local courts. See Act of Oct. 5, 1984, Pub.L. No. 98-454, § 704, 98 Stat. 1732 (codified at 48 U.S.C. § 1613a).

. This is not to say, of course, that the District Court is deprived of jurisdiction to hear habe-as appeals. Rather, the District Court may hear habeas appeals pursuant to § 2254 or § 2241. The oddity that this seems to implicate is only temporary; now that the Virgin Islands Supreme Court has been established, the District Court will soon be without any appellate jurisdiction once its last appellate case is closed. See 48 U.S.C. § 1613a(d). Thereafter, cases like Hughley’s will be subject to review in the District Court only through § 2254.