

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2001

# George v. Sively

Precedential or Non-Precedential:

Docket 98-7609

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"George v. Sively" (2001). *2001 Decisions.* Paper 128.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/128

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 12, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-7609

MATTHEW GEORGE,

      Appellant

v.

J.L. SIVELY, Warden*

(*Amended Per Court's Order of 12/19/00)

ON APPEAL FROM THE DISTRICT COURT OF
THE VIRGIN ISLANDS

(Dist. Court No. 97-cv-00047)
District Court Judge: Raymond L. Finch

Argued: December 8, 2000

Before: MANSMANN and ALITO, Circuit Judges, and
FULLAM, Senior District Judge1

(Opinion Filed: June 12, 2001)

      BETHANEY J. VAZZANA (argued)
      1138 King Street
      The Pentheny Building, 2nd Floor
      Christiansted, V.I. 00820

Counsel for Appellant

--------------------------------------------------------------

1. The Honorable John P. Fullam, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

        JAMES A. HURD, JR.
        JAMES R. FITZNER
        DAVID L. ATKINSON (argued)
        1108 King Street, Suite 201
        Christiansted, V.I. 00820

        Counsel for Appellee

OPINION OF THE COURT

ALITO, Circuit Judge:

Matthew George, who is serving a sentence for Virgin Islands criminal offenses, appeals an or der of the District Court of the Virgin Islands denying his motion to vacate his sentence under 28 U.S.C. S 2255. George contends that he was denied the effective assistance of counsel at trial because his attorney did not request a jury instruction to the effect that voluntary intoxication could negate the mens rea needed for the crime of assault in the first degree. We hold that counsel's performance was not deficient and that George was not prejudiced by counsel's failure to request the instruction in question, and we therefor e affirm.

I.

In 1992, George was charged by infor mation in the District Court of the Virgin Islands with attempted murder in the first degree, in violation of 14 V.I. CODE ANN. SS 331 & 922(a)(1); possession of a deadly weapon during a violent crime, in violation of 14 V.I. CODE ANN. S 2251(a)(2)(B); and kidnaping, in violation of 14 V.I. CODE ANN. S 1051. Although the charges against George wer e all based on territorial law, at the time in question, the District Court of the Virgin Islands, rather than the T erritorial Court, had jurisdiction. See Callwood v. Enos, 230 F .3d 627, 631 (3d Cir. 2000).

The charges against George stemmed fr om an incident involving George, two of his co-workers, Domingo Solis and Rusty Hilliard, and the victim, Larry McCor mick. The evidence at trial showed the following. McCor mick had been

living in a trailer with George's brother and his girlfriend. One evening, George, Solis, and Hilliar d went to the trailer and told McCormick that George's br other wanted him to move out. McCormick packed his things, put them in the trunk of Solis's car, and the four men dr ove away. McCormick asked to be taken to Christiansted, but Solis took him to another spot on St. Croix called Salt River. After McCormick took his belongings fr om the trunk, McCormick scuffled with George and Hilliard, and eventually George picked up Hilliard's knife and slit McCormick's throat. McCormick said:"[M]y jugular vein's been cut, please take me to the hospital." Geor ge reportedly commented: "Good, I hope you die," and he dr ove away with Solis and Hilliard. McCormick tied a t-shirt around his neck. A passing motorist picked him up, and he was given first aid and medical treatment that saved his life. In George's defense, several witnesses testified that George had been drinking very heavily prior to the incident and was intoxicated.

The trial judge instructed the jury concerning the elements of the offense of attempted mur der and the lesser included offenses of assault in the first degree, 14 V.I. CODE ANN. S 295(1),[2] and assault in the third degree, 14 V.I. CODE ANN. S 297.[3] The judge also instructed the jury that intoxication may make it impossible for a person to form the specific intent needed for attempted mur der, but the judge did not give a similar instruction relating to assault in the first degree. George's attor ney argued at some length that assault in the first degree is a specific intent crime,

_____

2. This provision states:

    Whoever–

    (1) with intent to commit murder, assaults another . . . . shall be imprisoned not more than 15 years.

3. This provision states in relevant part:

    Whoever, under circumstances not amounting to an assault in the first or second degree–

    (1) assaults another person with intent to commit a felony . . . . shall be fined not less than $500 and not mor e than $3,000 or imprisoned not more than 5 years or both.

3

but the judge rejected her arguments, and she did not make a formal request for an intoxication instruction relating to this offense.

The jury acquitted George of attempted mur der and kidnaping, but convicted him of assault in the first degree and possession of a deadly weapon during a violent crime. He was sentenced to consecutive terms of fifteen years for assault and five years for possession of a deadly weapon.

In his direct appeal, George's only ar gument was that the trial judge improperly admitted photographs of McCormick's injuries. We upheld his conviction in an unpublished decision. See Government of the Virgin Islands v. George, 16 F.3d 403 (3d Cir . 1993). George next filed a motion in the District Court pursuant to 28 U.S.C.S 2255. The District Court denied this motion, and thr ee judges of our Court granted his application for a certificate of appealability on the question of whether his trial counsel was ineffective in failing to request an intoxication instruction concerning the offense of assault in the first degree.

II.

Before addressing the merits of this appeal, we must consider whether the District Court had jurisdiction to entertain George's motion under 28 U.S.C.S 2255. Shortly before the argument in this case, our court handed down three opinions that clarified the structur e of collateral review of Virgin Islands cases in light of the 1984 amendments of the Revised Organic Act and subsequent territorial legislation. See Callwood v. Enos , 230 F.3d 627 (3d Cir. 2000); Parrott v. Gov't of the Virgin Islands, 230 F.3d 615 (3d Cir. 2000); W alker v. Gov't of the Virgin Islands, 230 F.3d 82 (3d Cir. 2000). Both George and the appellees take the position that George was entitled to proceed under S 2255 and was not r equired instead to exhaust his territorial remedies.4  We agree.5

_____

4. The Government could of course waive exhaustion, but under 28 U.S.C. 2254(b)(3), "[a] State may not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly

4

Although George was prosecuted and convicted solely for territorial -- not federal -- offenses, and although the District Court of the Virgin Islands would not have jurisdiction today to try a case such as George's, his S 2255 motion falls squarely within the terms of S 2255, which provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." George is in custody under sentence of the District Court of the Virgin Islands, which was established by Act of Congress, see 48 U.S.C. S 116(a); he claims the right to be released on the ground that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment and the Revised Organic Act, 48 U.S.C. S 1561; and he filed his motion with the court that imposed the sentence, i.e., the District Court of the Virgin Islands. We see no reason why S 2255 should not be applied to a case such as this in accordance with its plain terms.

The three recent decisions noted above are entirely consistent with this conclusion. We begin with Parrott because, like the present case, it involved a collateral attack by a prisoner who had been convicted in the District Court for a territorial offense. The prisoner in that case filed a petition for a writ of habeas corpus in the Territorial Court, and we held that the Territorial Court possessed jurisdiction to entertain that petition. We reasoned that Congress had authorized the Legislature of the Virgin Islands to divest the District Court of jurisdiction over purely local civil matters by vesting such jurisdiction in the

_____

waives the requirement." Here, the United States Attorney has argued that we should hear this appeal and should not require George to exhaust his territorial remedies, but because counsel has not in so many words waived exhaustion, we cannot deem the requirement to be waived.

5. As we recently noted, "since 1949 the District Court of the Virgin Islands has had jurisdiction under 28 U.S.C. S 2255 over petitions brought by prisoners challenging the imposition of sentences by that court." Callwood, 230 F.3d at 632 n.5.

5

Territorial Court; that the Legislatur e had done so; that a petition for a writ of habeas corpus fell within this grant of jurisdiction; and that a previously enacted territorial law conferring upon the District Court the jurisdiction to entertain habeas petitions, 5 V.I. CODE ANN. S 1303, had in effect been modified.

We see nothing in Parrott that suggests that the District Court lacked jurisdiction to entertain George's S 2255 motion. Under Parrott, George could have elected to attack his conviction by filing a habeas petition in the Territorial Court, but it does not follow that George was not also entitled to proceed, if he wished, by filing a S 2255 motion in the court of conviction, i.e., the District Court. Parrott said nothing about S 2255, and we do not think that the territorial law that effectively divested the District Court of general civil jurisdiction over purely local matters impliedly precludes that Court from exercising the authority quite explicitly granted by S 2255.

Our reasoning in Callwood supports this analysis. In Callwood, we held that a prisoner serving a sentence for territorial offenses could challenge his par ole proceedings by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. S 2241 in the District Court. After noting that the District Court does not now have jurisdiction under the Virgin Islands Code to entertain habeas petitions, we held that the District Court's jurisdiction under S 2241 had not been affected by the amendments to the Revised Organic Act or the new territorial legislation. Moreover, we observed that "[n]othing in the 1984 amendments [to the Revised Organic Act] affects the authority of the District Court of the Virgin Islands to issue relief under S 2255, where applicable." Callwood, 230 F.3d at 632 n.5.

Finally, in Walker, we held that a prisoner convicted of territorial offenses in the Territorial Court could file a petition for a writ of habeas corpus pursuant to 28 U.S.C. S 2254 in the District Court and that in such a case the procedural requirements applicable to such a petition, including the need to obtain a certificate of appealability and the need to exhaust territorial remedies, would apply. We see nothing in Walker that suggests that George was not entitled to proceed under S 2255.

6

In sum, we hold that the Parrott–Callwood–Walker trilogy presents no obstacle to the filing of a motion under S 2255 in the District Court of the Virgin Islands by a prisoner convicted in that court for a territorial of fense. Needless to say, this holding has no application to prisoners convicted of territorial offenses in the Territorial Court.

III.

We now turn to the merits. Geor ge argues that assault in the first degree is a specific intent crime, i.e., that it requires proof of the specific intent needed for murder in the first degree, "willfulness, deliberation, and premeditation." See Government of the Virgin Islands v. Martinez, 780 F.2d 302, 305 (3d Cir . 1985). He notes that voluntary intoxication may be a defense with r espect to an offense requiring specific intent. See 14 V.I. CODE ANN. S 16; Government of the Virgin Islands v. Commissiong, 706 F. Supp. 1172, 1182 (D.V.I. 1989); see also Montana v. Egelhoff, 518 U.S. 37, 47 (1996) (plurality); United States v. Davis, 183 F.3d 231, 253 (3d Cir. 1999); United States v. Williams, 892 F.2d 296, 37, 47 (3d Cir. 1989); 1 W. LaFave & A. Scott, Substantive Criminal Law S 3.5(e), at 315 & n. 61 (2d ed. 1986). He therefore asserts that it was fundamental error for his trial counsel to not request an instruction relating to this offense. In response, the Government argues that assault in thefirst degree under Virgin Islands 14 V.I. CODE ANN. S 295(1) is a general intent crime, i.e., that it requires only pr oof of malice, not willfulness, deliberation, or premeditation, and that voluntary intoxication is not a defense to a general intent offense. See 14 V.I. CODE ANN. S 16; Commissiong, 706 F.Supp. at 1182 ("voluntary intoxication .. . cannot negate malice"). Moreover, the Gover nment contends that even if assault in the first degree is a crime of specific intent, George's trial counsel did not render ineffective assistance.

A.

In assessing George's argument, our analysis must begin with the "strong presumption" that counsel's performance was reasonable. See Strickland v. W ashington, 466 U.S.

7

668, 689 (1984). "The defendant must over come the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' " Id. at 689; United States v. Kauffman, 109 F .3d 186, 189-90 (3d Cir. 1997). "It is [ ] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989).

A defendant claiming ineffective assistance of counsel must satisfy the two-pronged test announced by the Supreme Court in Strickland. To do so, the defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different." United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989) (citing Strickland, 466 U.S. at 687-96); see also Kauffman, 109 F.3d at 190. Both Strickland prongs must be satisfied. See Nino, 878 F.2d at 104. George is unable to satisfy either .

B.

In assessing the first prong -- whether counsel's representation fell below an objective standard of reasonableness -- it is not necessary for us to decide whether assault in the first degree is a specific - or general - intent crime under Virgin Islands law. If the Government is correct that it is a general intent crime, the intoxication defense would not be applicable, and counsel could not be found to have acted unreasonably for failing to request an intoxication instruction. On the other hand, even if George is correct that assault in the first degr ee is a specific-intent crime, his counsel's representation still satisfied the relevant standard of reasonableness. As the Supreme Court has stated, "a court deciding an actual inef fectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690.

The record in this case shows that the trial judge and counsel for both sides engaged in a lengthy discussion

8

about the mens rea required for assault in the first degree. See App. 215–32. During this exchange, George's counsel argued repeatedly that assault in thefirst degree is a specific-intent crime. See App. 217–23. However, the judge disagreed and concluded that it is a general-intent crime. See App. 228.

In light of this colloquy, we conclude that the performance of George's trial counsel did not fall below the level demanded by the Sixth Amendment. It is well established that voluntary intoxication may be a defense to a crime of specific intent but not to a crime of general intent, and it is apparent that the trial judge was familiar with this rule, because he gave an intoxication instruction with respect to the specific-intent of fense of attempted murder but not with respect to assault in the first degree, which he believed to be a general-intent offense. Thus, by arguing that assault in the first degr ee is a specific-intent crime, George's trial attorney tried to persuade the trial judge to accept a proposition that was the necessary predicate for obtaining an intoxication instruction. When the judge rejected defense counsel's mens r ea arguments, the argument for obtaining an intoxication instruction was logically doomed. George's trial counsel pr eserved the mens rea argument for appeal, and we do not think that the Sixth Amendment required her to go further and make a futile, formal request for an intoxication instruction. Accordingly, we hold that George cannot satisfy the first prong of Strickland.

C.

Nor can George satisfy the second prong. Under this prong, we must decide whether there is a r easonable probability that the result of the trial would have been different if George's counsel had r equested an intoxication instruction relating to assault in the first degree. As discussed above, the trial judge's view that assault in the first degree is a general intent crime logically doomed any request for an intoxication instruction r elated to that offense. Therefore, even if counsel had done precisely what George now alleges she erred in failing to do, the jury still

9

would not have been instructed about this defense, and the outcome of the trial would have remained the same.

IV.

For these reasons, we affirm the decision of the District Court.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

10