UNITED STATES of America

v.

**Robert John JANSEN, Defendant**

No. 4:CR–98–240, 4:CV–01–1963.

United States District Court,
M.D. Pennsylvania.

Nov. 1, 2002.

————

Robert John Jansen, Jr., White Deer, PA, pro se.

D. Toni Byrd, Williamsport, PA, Thomas C. Egan, Norristown, PA, for Robert John Jansen, Jr.

Eric Pfister, U.S. Atty's Office, Harrisburg, PA, for U.S.

## MEMORANDUM

McCLURE, District Judge.

This opinion discusses the sole remaining claim in Robert John Jansen's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. After making a roadside confession to police that he was en route to delivering drugs, Jansen was convicted after trial of possession with intent to distribute a controlled substance. The only issue now before the court is whether trial counsel was ineffective for failing to elicit trial testimony that Jansen, at the time of his arrest, invoked his right to counsel.

The inquiry is straightforward: if Jansen proves that trial counsel unreasonably failed to elicit this testimony and that he, Jansen, suffered prejudice as a result, the ineffectiveness claim is colorable; if Jansen fails either to prove that counsel's performance was deficient or to prove that he suffered prejudice, then counsel was not ineffective. The court held a hearing in which it heard the testimony of Jansen, two police officers, and trial counsel. Each person testified to the events regarding Jansen's claim that he invoked his right to counsel. Based on our evaluation of the witnesses' testimony at the hearing, we find that Jansen has failed to prove that trial counsel acted unreasonably. For this reason, counsel was not ineffective, and Jansen's § 2255 motion, most of which was denied in a prior memorandum, will be denied in its entirety.

## BACKGROUND:

On June 30, 1998, Jansen, traveling in a car heading westbound on Interstate

Route 80, was stopped by the police. Upon stopping the car, the police discovered in the trunk a VCR containing cocaine powder. In addition, Jansen was carrying on his person 34.2 grams of cocaine powder and 16.3 grams of cocaine base.

While in police custody outside the car, Jansen told the police that he was returning from New York City and bringing the cocaine in the VCR to Richard Willow, who was located in Middleburg, Pennsylvania. He stated that twice a month for the previous five months, he had traveled to New York in order to pick up a large amount of cocaine powder. During these trips, Jansen said, he would purchase a certain amount of cocaine for himself, pick up a VCR containing cocaine powder for delivery to Richard Willow, and receive some cocaine as payment for his services. He stated that the drugs on his person, consisting of both cocaine powder and cocaine base, were for his personal use.

On October 13, 1998, a grand jury sitting in the Middle District of Pennsylvania returned an indictment against Jansen. According to the indictment, Jansen "did knowingly and intentionally distribute, and possess with intent to distribute, cocaine and cocaine base, also known as crack cocaine," in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Indictment, Rec.Doc. No. 1.)

A two-day jury trial was held January 11 and 12, 1999. While testifying, Jansen recanted many of the statements that he made to the police. He was convicted and sentenced to a term of imprisonment of 121 months.

Jansen filed an appeal with the Third Circuit. The appeal focused on the suppression of evidence obtained in accordance with his arrest. The Third Circuit affirmed this court's admission of the evidence, and Jansen's conviction and sentence remained.

Jansen subsequently filed with this court a § 2255 motion that contained six claims. By Memorandum and Order dated August 22, 2002, we denied the motion in part, finding meritless five out of the six claims. We ordered an *in camera* hearing focusing on the sole remaining issue, i.e., whether trial counsel was ineffective for failing to elicit testimony that Jansen, at the time of his arrest, invoked his right to counsel.

On October 10, 2002, we held the hearing. Testifying at the hearing were Jansen, trial counsel Thomas C. Egan, and two of Jansen's arresting officers, Trooper Dominick Picerno and Corporal Scott L. Heatley.

*DISCUSSION:*

To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687–688, 691–692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively,* 254 F.3d 438, 443 (3d Cir.2001) (citing *United States v. Nino,* 878 F.2d 101, 104 (3d Cir.1989)). The defendant bears the burden of establishing ineffective assistance of counsel. *Whitney v. Horn,* 280 F.3d 240, 258 (3d Cir.2002).

The first prong requires the defendant to "establish ... that counsel's performance was deficient." *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir.2001). "This requires showing that counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment." *Id.* (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052) (internal quotation marks omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). "There is a 'strong presumption' that counsel's performance was reasonable." *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton,* 100 F.3d 1089, 1094 (3d Cir.1996) (in turn quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052)).

The second prong requires the defendant to "demonstrate that he was prejudiced by counsel's errors." *Id.* (citing *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052). "The [movant] must show that 'there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). "A 'reasonable probability' is 'a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). "This standard 'is not a stringent one;' it is less demanding than the preponderance standard." *Id.* (quoting *Baker v. Barbo,* 177 F.3d 149, 154 (3d Cir.1999)). "[A] court must consider the strength of the evidence in deciding whether the *Strickland* prejudice prong has been satisfied." *Buehl v. Vaughn,* 166 F.3d 163, 172 (3d Cir.1999). " '[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" *Id.* (quoting *Strickland,* 466 U.S. at 696, 104 S.Ct. 2052).

■ Specifically, Jansen claims that counsel failed to elicit trial testimony that Jansen, at the time of his arrest, invoked his Fifth Amendment right to counsel. It is well-established that "law enforcement officers must immediately cease questioning a suspect who has clearly asserted his right to have counsel present during custodial interrogation." *Davis v. United States,* 512 U.S. 452, 454, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (citing *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)). Much of the government's evidence against Jansen came in the form of his statements to the police; had the police been required to cease questioning, it is possible that the evidence against him would not have been as strong. According to Jansen, this possibility should lead to a finding of ineffective assistance of counsel.

Jansen requests that the court find certain facts leading to the conclusion that counsel failed to bring out at trial the fact that he requested his right to counsel. According to Jansen, the following events took place in order:

(1) Jansen was stopped by the police;

(2) Picerno told Jansen that he was under arrest;

(3) Jansen said that "he [wouldn't say] anything until [he] called his attorney;

(4) Picerno searched Jansen's person, and Jansen stated that the search was illegal;

(5) Picerno discovered drugs on Jansen's person;

(6) Heatley asked Jansen questions about the drugs on his person, and Jansen responded by saying that the drugs were for his personal use;

(7) Heatley read Jansen his *Miranda* rights;

(8) Heatley said that he had more questions for Jansen, and Jansen stated that he wanted to speak with his attorney;

(9) After a break, Havens read Jansen another set of *Miranda* warnings

and began asking him more questions; and

(10) Another police officer, Trooper Bletz, informed Jansen of the discovery of the VCR. Bletz stated that Jansen was facing life in prison, and at that point Jansen made statements about delivering the VCR to Willow in Williamsport.

(Transcript of § 2255 Hearing, Rec. Doc. No. 86, at 7–17.)

According to Jansen, then, at two separate times before his confession he asked to speak with his attorney. If this is in fact true, the officers were to cease questioning until Jansen's attorney was present.

Jansen's testimony was contradicted by both Picerno and Heatley. Picerno, the officer who initially placed Jansen under arrest, stated that Jansen never asked to speak to his attorney. (*Id.* at 53.) Heatley testified that Jansen at no time used the word "attorney" or "lawyer." (*Id.* at 61.)

Jansen asserted at the hearing that he relayed to trial counsel each instance that he asked to speak with his attorney. According to Jansen, trial counsel informed him that the request for the attorney was irrelevant. Specifically, according to Jansen, trial counsel told him that because he voluntarily spoke with the police, he waived any constitutional right regarding the cessation of questioning. (*Id.* at 32.)

At the hearing, trial counsel disputed Jansen's assertions. He testified that the first time he heard Jansen speak about requesting an attorney was during the instant § 2255 hearing. He stated that had he been informed that Jansen requested an attorney, he would have attempted to have the statements suppressed under the Fifth Amendment. He asserted that Jansen never spoke to him about the invoca-

tion of his right to counsel. (*Id.* at 39, 48–49.)

Undoubtedly, the witnesses at the hearing gave differing versions of the events. Evaluating the witnesses' testimony, we credit the testimony of the police officers and trial counsel, and we give no value to the testimony provided by Jansen. Based on an observation of his demeanor in the witness chair, we find Jansen to be totally without credibility. Conversely, we find both the police officers and trial counsel to be quite credible, and we believe the statements which they made at the hearing.

More specifically, we disbelieve Jansen's testimony on two levels. First, we find that at no point during the arrest did Jansen ask to speak with an attorney. As a result, any claim based on the invocation of the right to counsel is baseless. Second, we find that at no point did Jansen represent to trial counsel that he invoked his right to counsel. In discussing the standard for judging the objective reasonableness of counsel's actions, the Supreme Court has stated that the attorney is often permitted to rely on what his client tells him:

The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that

pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

*Strickland*, 466 U.S. at 691, 104 S.Ct. 2052 (citing *United States v. Decoster*, 624 F.2d 196, 209–210 (D.C.Cir.1976)). As the above paragraph dictates, without any basis to believe that he should pursue a line of questioning based on Jansen's invocation of his right to counsel, trial counsel's failure to advance this theory was not unreasonable.

We find that because he did not invoke his right to counsel and did not inform his trial attorney that he invoked his right to counsel, Jansen has failed to prove that trial counsel's performance was deficient. Because we conclude that Jansen has not met his burden to show that counsel's performance was deficient, we need not reach the issue of whether he suffered prejudice as a result of counsel's representation. *United States v. Roberson*, 194 F.3d 408, 418–19 (3d Cir.1999) (citations omitted).

We note that the case was closed by order of court on October 22, 2001, but not formally reopened when the court granted Jansen's motion for reconsideration on November 8, 2001 and vacated the order of October 22, 2001. For clarity of the record, the clerk will, therefore, be directed to reopen the file.

## CONCLUSION:

Jansen's ineffectiveness claim based on the invocation of his right to counsel is meritless. He lacks credibility, and defense counsel and two police officers credibly contradicted his testimony. Therefore, Jansen's claim will be denied. Because

the instant claim is the final remaining claim contained in Jansen's § 2255 motion, and because all other claims are denied for the reasons set forth in the court's memorandum of August 22, 2002, the motion will be denied in its entirety. An appropriate order follows.

### ORDER

For all the reasons set forth in both the accompanying memorandum and the memorandum filed August 22, 2002,

**IT IS ORDERED THAT:**

1. The clerk is directed to reopen the case file (as of November 8, 2001).

2. Defendant Robert John Jansen's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Rec.Doc. No. 67), including all accompanying amendments, is denied.

3. There is no basis for the issuance of a certificate of appealability.

4. The clerk is directed to close this case.