GLD-273                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2784
_____

UNITED STATES OF AMERICA

v.

LAMAR BROWN,
                                      Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 02-00083)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011

Before:  AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed :  September 21, 2011)
_____

OPINION
_____

PER CURIAM

    Lamar Brown appeals pro se from an order dismissing his motion pursuant to

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).  Because no

substantial question is presented by this appeal, we will summarily affirm the order of the District Court.

In 2003, Brown was convicted of unlawful possession of controlled substances with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); he was sentenced to life imprisonment. He filed an appeal, which was dismissed by this Court at Brown's request. C.A. No. 03-2882.

In 2004, Brown filed a motion to vacate his sentence under 28 U.S.C. § 2555, alleging ineffective assistance of counsel. Brown argued that counsel failed to adequately support the pretrial suppression motions with facts that would have allegedly resulted in the District Court's granting his request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).[1] After conducting an evidentiary hearing, the District Court denied the motion as meritless. This Court granted a certificate of appealability, and in 2008 affirmed the decision of the District Court. See United States v. Brown, 283 F. App'x 63 (3d Cir. 2008).

---

[1] Brown's motion to suppress argued that the confidential informant on which the officers had relied upon to obtain the search warrant was lying. He requested a Franks hearing to establish whether the warrant was defective for containing false information.

The Supreme Court held in Franks that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155-56.

In 2009, Brown filed a Rule 60(b) motion, which the District Court dismissed for lack of jurisdiction.[2] In May 2011, Brown filed a "Hazel-Atlas Action" and accompanying affidavit, requesting that the District Court reconsider its decision and order denying a Franks hearing. The District Court denied the motion, and Brown appeals.

We have jurisdiction under 28 U.S.C. § 1291. The Supreme Court has held, in civil cases, that "the inherent power [of a federal court] allows [it] to vacate its own judgment upon proof that a fraud has been perpetrated upon the court." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citing Hazel-Atlas, 322 U.S. at 249-50). However, this inherent power has not applied to criminal cases. See United States v. Washington, 549 F.3d 905, 912, 917 (3d Cir. 2008) (federal courts do not have inherent power "to vacate a judgment procured by fraud in the criminal context").

Additionally, Brown cannot show "through clear, unequivocal and convincing evidence" that there was "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court," to prevail under Hazel-Atlas. See Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005). In affirming the District Court's denial of his § 2255 motion, this Court determined that "Brown still could not show that the officers lied intentionally [and] . . . there [was] no

---

[2] Brown filed an untimely appeal to this Court, which was dismissed for lack of jurisdiction. C.A. No. 10-1871. Brown then filed two motions seeking to reopen the time to file an appeal. The District Court denied the motions and we affirmed. C.A. No. 10-3570.

indication whatsoever that the officers conspired with the informant to lie."  283 F. App'x

at 66.  Therefore, the District Court properly denied Brown's <u>Hazel-Atlas</u> motion.

Accordingly, we will affirm the District Court's order.