NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3845
_____

FRANK HUGHLEY,
Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS
_____

On Appeal from the Appellate Division of the
District Court of the Virgin Islands
District Court  No. 1-06-cv-00110
District Judge: The Honorable Curtis V. Gomez
District Judge: The Honorable Raymond L. Finch
Superior Court Judge: The Honorable Audrey L. Thomas

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 3, 2012

Before: SMITH, HARDIMAN, and ROTH, *Circuit Judges*

(Filed:  August 23, 2013)

_____

OPINION
_____


SMITH, *Circuit Judge.*

        In 1995, a jury convicted Frank Hughley of three counts of aggravated rape in the

first degree and six counts of unlawful sexual contact in the first degree in violation of 14

V.I. Code §§ 1700(a)(1) and 1708(2).   The Territorial Court of the Virgin Islands

sentenced Hughley to 26 years' imprisonment without parole.  On appeal to the Appellate Division of the District Court of the Virgin Islands, Hughley argued that his convictions should be set aside because of the ineffectiveness of his trial counsel.  He asserted that his counsel was ineffective for several reasons, including his counsel's decision to empanel an all-female jury.  Because ineffective assistance claims are usually not heard on direct appeal in light of the undeveloped record, the Appellate Division dismissed Hughley's appeal.

Thereafter, he filed a habeas petition under 5 V.I. Code § 1303 in the Superior Court of the Virgin Islands, asserting the same ineffective assistance of counsel claim.[1]  Consistent with *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Superior Court considered whether Hughley had been deprived of the effective assistance of counsel and, if so, whether he had been prejudiced by counsel's deficient performance.  The Superior Court determined that counsel's performance was "the product of a reasoned trial strategy" and that Hughley had not complained about counsel's decisions at trial.  Alternatively, the Superior Court concluded that "[e]ven if [counsel's] decisions constituted serious errors, it is clear that Hughley did not establish prejudice from these errors."  For these reasons, the Superior Court denied his habeas petition.

A timely appeal to the Appellate Division followed, 48 U.S.C. § 1613a(a), which remanded Hughley's case to the Superior Court to rule on Hughley's  request for a

---

[1]  On October 29, 2004, when the Virgin Islands legislature established the Supreme Court of the Virgin Islands as an appellate court, it changed the name of the Territorial Court of the Virgin Islands to the Superior Court of the Virgin Islands.  *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).

certificate of probable cause under Virgin Islands Rule of Appellate Procedure 14(b).[2] Although the Superior Court denied the certificate, Hughley's notice of appeal constituted "a request to the Appellate Division for a certificate" of probable cause. V.I. R. App. P. 14(b). The Appellate Division implicitly concluded that a constitutional question warranted review and proceeded to address the merits of Hughley's ineffective assistance of counsel claim.

The Appellate Division disagreed with the Superior Court's determination that Hughley's counsel's performance was based on a reasonable trial strategy. It concluded that "[i]n the aggregate," counsel's "representation fell below the objective threshold of reasonably competent representation." Nonetheless, the Appellate Division affirmed the Superior Court's judgment because it agreed that Hughley could not satisfy the prejudice prong of *Strickland*. It cited the testimony of the examining physician, the statements to the examining physician by one of the child victims about what had occurred, the testimony of the child psychologist who worked with the second child victim, the identification of Hughley by one of the child victims, and the damning testimony of the two child victims.

Proceeding pro se, Hughley filed a timely appeal to this Court pursuant to 48 U.S.C. § 1613a(c) and 28 U.S.C. § 1291. Hughley again asserts that the ineffectiveness of his counsel warrants vacating his convictions.

---

[2] A "certificate of probable cause" was the predecessor of the "certificate of appealability" required under 28 U.S.C. § 2253(c)(1). The certificate of probable cause required the petitioner "to make a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (brackets and internal citation omitted).

I.

Before turning to the merits, we examine our jurisdiction over this appeal in light of our "independent responsibility" to confirm our jurisdiction.[3] *In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 88 n.5 (3d Cir. 2002) (quoting *In re Ford Motor Co.*, 110 F.3d 954, 958–59 (3d Cir. 1997)). Our colleague's thoughtful dissent contends that we lack jurisdiction because a territorial law eliminated the District Court's appellate jurisdiction over Hughley's appeal. We disagree.

Congress authorized the Virgin Islands legislature to vest original jurisdiction over territorial actions in the territorial courts. *See* 48 U.S.C. § 1612(b); *Callwood v. Enos*, 230 F.3d 627, 631 (3d Cir. 2000). The Virgin Islands legislature eventually did so by passing 4 V.I. Code § 76(a), which gave the Superior Court "original jurisdiction in all civil actions regardless of the amount in controversy" and "in all criminal actions." 4 V.I. Code § 76(a), (b). In *Callwood*, we interpreted § 76(a) as implicitly repealing the District Court's original jurisdiction under 5 V.I. Code § 1303 to hear territorial habeas petitions. 230 F.3d at 632. As a result, we concluded that the District Court lacked *original* jurisdiction over territorial habeas petitions. *Id.*

But *Callwood*'s holding does not extend to the District Court's *appellate* jurisdiction over Superior Court rulings on territorial habeas petitions. *Callwood* involved only a question about the District Court's original jurisdiction under 5 V.I. Code

---

[3] Of course, our discussion in this section pertains only to appeals filed before January 27, 2007, the date on which the Virgin Islands Supreme Court officially assumed appellate jurisdiction over appeals from the Superior Court. *See Hypolite v. People of Virgin Islands*, 2009 WL 152319, at *2 (V.I. Jan. 21, 2009).

§ 1303 over territorial habeas petitions. The case had nothing to do with the District Court's appellate jurisdiction under 4 V.I. Code § 33 over territorial habeas petitions. *See* 48 U.S.C. § 1613a(a) ("[T]he District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law to the extent now or hereafter prescribed by local law . . . ."); 4 V.I. Code § 33 (granting, pursuant to 48 U.S.C. § 1613a(a), appellate jurisdiction to the District Court "to review the judgments and orders of the [Superior Court] in all . . . civil cases and criminal cases in which the defendant has been convicted, other than on a plea of guilty"); *Gov't of Virgin Islands v. Warner*, 48 F.3d 688, 692 (3d Cir. 1995) (holding that under the Revised Organic Act, 4 V.I. Code § 33's limitation on cases involving guilty pleas does not preclude appellate jurisdiction over such cases where colorable constitutional claims are raised). Nor can *Callwood*'s holding be extended to divest the District Court of its appellate jurisdiction over territorial habeas petitions. By its plain text, § 76(a) alters only the "original jurisdiction" of the District Court. As we previously acknowledged in *Parrott v. Government of Virgin Islands*, § 76(a) has no effect on the District Court's appellate jurisdiction under 4 V.I. Code § 33 over territorial habeas petitions. 230 F.3d 615, 619 & n.5 (3d Cir. 2000) (noting that, although "the District Court loses jurisdiction to the Territorial Court over local matters" to the extent that the Virgin Islands legislature divests the District Court of "original jurisdiction," the District Court "continues, however, to sit as an appellate court to review local matters decided by the Territorial Court" under 48 U.S.C. § 1613a(a)).[4]

---

[4] We recognize that under *Walker v. Government of the Virgin Islands,* 230 F.3d 82, 89

We therefore conclude that the District Court properly exercised appellate jurisdiction over Hughley's appeal.

## II.

Having confirmed our jurisdiction, we now turn to the merits of Hughley's claim. We exercise plenary review over the adjudication of *Strickland*'s performance and prejudice prongs. *Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001). After consideration of the briefs of the parties and the record before us, we will not disturb the judgment of the Appellate Division, which affirmed the Superior Court's denial of Hughley's habeas petition under 5 V.I. Code § 1303. We agree with the Appellate Division that Hughley cannot demonstrate prejudice in light of the overwhelming evidence against him.[5]

For the reasons set forth above, we will affirm the judgment of the Appellate Division of the District Court.

---

(3d Cir. 2000), a habeas petitioner in custody pursuant to a sentence of the Territorial Court of the Virgin Islands who is seeking to appeal the denial of his petition for habeas corpus under § 2254 must obtain a certificate of appealability to proceed before this court. A certificate of appealability is not necessary here because the District Court did not deny relief under § 2254. Instead, the District Court, acting in its capacity under 48 U.S.C. § 1613a(a) as the Appellate Division, affirmed the judgment of the Superior Court denying Hughley's habeas petition under 5 V.I. Code § 1303.

[5] We are mindful that Hughley's brief focuses on the deficient performance prong of his *Strickland* claim. Because we agree with the Appellate Division that Hughley cannot show that he was prejudiced, we need not address the deficient performance prong. 466 U.S. at 697 (instructing that courts need not "address both components . . . if the defendant makes an insufficient showing on one").

*Hughley v. Government of the Virgin Islands,* No. 11-3845
HARDIMAN, *Circuit Judge*, dissenting.

I would dismiss this appeal for lack of jurisdiction. The majority contends that jurisdiction lies pursuant to Virgin Islands law (5 V.I.C. § 1303). In my view, the District Court of the Virgin Islands has jurisdiction to hear habeas petitions—whether initially or on appeal—only pursuant to federal law (28 U.S.C. §§ 2241, 2254). Because federal law (28 U.S.C. § 2253) requires that a certificate of appealability issue before the Court of Appeals may consider a habeas petition, dismissal of this appeal is required.

I

Pursuant to the Revised Organic Act of 1954, the District Court, with limited exceptions, exercised general jurisdiction over all causes of action authorized by local law, and its federal jurisdiction was strictly limited to hearing cases arising under the Constitution, treaties, and laws of the United States. *See* Act of July 22, 1954, ch. 558, § 22, 68 Stat. 497; *see also Callwood v. Enos*, 230 F.3d 627, 630 (3d Cir. 2000) (explaining history); *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1057 (3d Cir. 1982), *superseded in part by statute*, 48 U.S.C. § 1612 (explaining that the District Court acted "more like a state court of general jurisdiction than a United States district court"). In this era, the District Court "heard the majority of cases brought in the Virgin Islands, whether they were brought under federal or local law, civil law or criminal law." *Callwood*, 230 F.3d at 630 (citing *Carty*, 679 F.2d at 1057). Its jurisdiction included habeas petitions, which the District Court heard pursuant to local law, 5 V.I.C. § 1303,

1

which provides: "The writ of habeas corpus may be granted by the district court, upon petition by or on behalf of any person restrained of his liberty."

In 1984, Congress rewrote the jurisdictional provisions of the Revised Organic Act. *See* Act of Oct. 5, 1984, Pub. L. No. 98-454, 98 Stat. 1732. It expanded the federal jurisdiction of the District Court to make it coextensive with United States District Courts. *See* 48 U.S.C. § 1612(a); *Callwood*, 230 F.3d at 631. At the same time, Congress empowered the Virgin Islands legislature to vest jurisdiction over local actions exclusively in the local courts. *See* 48 U.S.C. § 1612(b); *Callwood*, 230 F.3d at 631. The Virgin Islands legislature did just that in 1990, vesting jurisdiction over all local civil actions in the Superior Court as of October 1, 1991. *See* 4 V.I.C. § 76(a); *Callwood*, 230 F.3d at 631.

In a trilogy of cases decided October 13, 2000, we explained the impact of these jurisdictional changes on the relationship between the local courts and the District Court relative to the adjudication of habeas petitions. *See Callwood v. Enos*, 230 F.3d 627 (3d Cir. 2000); *Parrott v. Gov't of Virgin Islands*, 230 F.3d 615 (3d Cir. 2000); *Walker v. Gov't of Virgin Islands*, 230 F.3d 82 (3d Cir. 2000).

In *Callwood*, we considered whether the District Court could continue to exercise habeas jurisdiction pursuant to *local* law over petitions filed by prisoners convicted of local crimes. *See* 230 F.3d at 631–32. Because the newly enacted 4 V.I.C. § 76(a) vested jurisdiction over all civil actions in the local courts, we held that "the District Court of the Virgin Islands was divested of jurisdiction to consider petitions for writs of habeas corpus under territorial habeas corpus law. . . . [T]o the extent that [5 V.I.C.] § 1303 vests

2

jurisdiction in the District Court over a habeas corpus action brought under that section, it . . . has been repealed." *Id.* at 632. In *Parrott*, we made clear that such habeas petitions must be brought in the Superior Court, even if the petitioner had been convicted of a local crime in the District Court at a time when it exercised general jurisdiction. 230 F.3d at 624.[1]

In *Walker*, we considered whether the District Court could nonetheless exercise jurisdiction pursuant to *federal* habeas law over petitions filed by prisoners who had violated local law. *See* 230 F.3d at 85–87. Citing *Callwood*, we found that "the District Court properly held that it was without jurisdiction to grant Walker relief under § 1303." *Id.* at 85. However, after examining the amendments to the Revised Organic Act enacted in 1984, we held that the District Court could exercise jurisdiction over habeas corpus petitions from those in custody on account of Superior Court judgments pursuant to federal habeas law, specifically 28 U.S.C. § 2254. *Id.* at 87. We based this holding, in part, on the fact that Congress expanded the jurisdiction of the District Court of the Virgin Islands to make it coextensive with United States District Courts, and that Congress "specifically provided that, with respect to the granting of writs of habeas corpus, the relationship between the District Court of the Virgin Islands and the [Superior] Court shall be equivalent to that of the district courts of the United States and the courts of the several States." *Id.*; *see also* 48 U.S.C. § 1612(a) (vesting expanded

---

[1] Prisoners convicted of federal crimes in the District Court may challenge their convictions directly in the District Court under 28 U.S.C. § 2255, as would any prisoner convicted of a federal crime in a district court of the United States. *George v. Sively*, 254 F.3d 438, 441 (3d Cir. 2001).

3

federal jurisdiction); *id.* § 1613 (clarifying the relationship between the District Court of the Virgin Islands and the local courts). Having found that jurisdiction in the District Court was proper under § 2254, we dismissed the appeal for lack of appellate jurisdiction because the petitioner had not been granted a certificate of appealability, as required by 28 U.S.C. § 2253(c). *See Walker*, 230 F.3d at 89–90.

Relying on *Walker*, we also found in *Callwood* that the District Court had jurisdiction under federal habeas law over petitions attacking local parole proceedings. *Callwood*, 230 F.3d at 632–33. Citing *Walker*'s discussion of the jurisdictional changes to the Revised Organic Act made by Congress in 1984, "we conclude[d] that although the District Court of the Virgin Islands does not have jurisdiction over Callwood's petition under § 1303, . . . it does have jurisdiction under 28 U.S.C. § 2241." *Id.* at 633 (footnote omitted). Because Callwood had not exhausted his local remedies as required under federal habeas law, we dismissed his petition without prejudice to his ability to "refil[e] his challenge under § 2241 after exhaustion." *Id.* at 634.

II

Applying the aforementioned principles to this appeal, certain conclusions are apparent. Had Hughley's habeas petition been filed initially in the District Court invoking 5 V.I.C. § 1303 as its jurisdictional basis, *Callwood*, *Parrott*, and *Walker* would mandate dismissal. *E.g.*, *Callwood*, 230 F.3d at 632. Likewise, had Hughley exhausted local remedies by filing a § 1303 petition in the Superior Court and then filed a separate habeas petition in the District Court, as a state prisoner in one of the fifty states would do, the District Court could hear the case under 28 U.S.C. § 2254. *Walker*, 230 F.3d at 87.

4

Thereafter, a certificate of appealability under 28 U.S.C. § 2253(c) would be required before we could hear any appeal. *Id.* at 89.

The majority distinguishes Hughley's case from either of these two scenarios because his petition was first filed in the Superior Court under 5 V.I.C. § 1303 and the District Court heard the case in its appellate capacity under 48 U.S.C. § 1613a(a).[2] *See* Maj. Typescript at 5. I find the majority's distinction in conflict with the relevant trilogy.

To be sure, both *Walker* and *Callwood* dealt with habeas petitions that had been filed directly in the District Court under § 1303, whereas here the District Court considered Hughley's § 1303 habeas petition on appeal from the Superior Court via § 1613a(a). But this distinction makes no difference because the underlying ability of the District Court to grant habeas relief is still grounded in local law—§ 1613a(a) gives the District Court the power only to hear the appeal; § 1303 provides the substantive basis for habeas relief. Under the majority's analysis, the District Court would be empowered to grant a habeas petition under § 1303. But *Callwood* held that the District Court has no power to grant relief under § 1303. *See Callwood*, 230 F.3d at 632; *see also Walker*, 230 F.3d at 85 ("[T]he District Court properly held that it was without jurisdiction to grant Walker relief under § 1303."). Indeed, *Callwood* made no distinction between the District Court acting in its appellate capacity or hearing a habeas petition as a quasi territorial court under § 1303. Rather, we stated unequivocally that "to the extent that

---

[2] In the 1984 amendments to the Revised Organic Act, Congress provided that until the Virgin Islands legislature established an appellate court, the District Court would exercise appellate jurisdiction over the decisions of the local courts. *See* Act of Oct. 5, 1984, Pub. L. No. 98-454, § 704, 98 Stat. 1732 (codified at 48 U.S.C. § 1613a).

5

§ 1303 vests jurisdiction in the District Court over a habeas corpus action brought under that section, it . . . has been repealed," and also "that the District Court of the Virgin Islands does not have jurisdiction under § 1303 over petitions filed under that section after October 1, 1991." 230 F.3d at 632.

Furthermore, if § 1613a(a) granted the District Court jurisdiction over habeas actions brought under § 1303, there would have been no need for *Walker* and *Callwood* to hold that jurisdiction was proper under § 2254 and § 2241, respectively. *Walker*, 230 F.3d at 85, 87; *Callwood*, 230 F.3d at 632–33. Instead, the petitioners in both cases could have gone to the Superior Court under § 1303 and then appealed to the District Court. Likewise, *Callwood*'s statement that the petitioner could *refile* his habeas petition under § 2241 in the District Court after he exhausted local remedies, 230 F.3d at 634, would have been unnecessary—the petitioner could have appealed the Superior Court decision without any need to invoke § 2241. These principles are reinforced by the fact that in *Parrott*, we required petitioners convicted of local crimes to file habeas petitions in the Superior Court. 230 F.3d at 624. If the majority's view were correct, petitioners *never* would have to invoke § 2254 or § 2241 to obtain review in the District Court, a result which cannot be squared with *Walker* and *Callwood*.[3]

---

[3] This is not to say, of course, that the District Court is deprived of jurisdiction to hear habeas appeals. Rather, the District Court may hear habeas appeals pursuant to § 2254 or § 2241. The oddity that this seems to implicate is only temporary; now that the Virgin Islands Supreme Court has been established, the District Court will soon be without any appellate jurisdiction once its last appellate case is closed. *See* 48 U.S.C. § 1613a(d). Thereafter, cases like Hughley's will be subject to review in the District Court only through § 2254.

6

## III

In sum, the statutory framework, as interpreted by *Walker*, *Callwood*, and *Parrott*, mandates the following procedure. A petitioner—like Hughley—who collaterally attacks his local law conviction must file a habeas petition under 5 V.I.C. § 1303 in the Superior Court. *Parrott*, 230 F.3d at 624. Thereafter, he can obtain review in the District Court pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. *Callwood*, 230 F.3d at 234; *Walker*, 230 F.3d at 87. If a petitioner wishes to appeal to the Third Circuit, he must comply with the certificate of appealability requirement imposed by 28 U.S.C. § 2253. *Walker*, 230 F.3d at 89.

My reading of the statutory framework is buttressed by my confidence that Congress could not have intended to give preferential treatment to prisoners in the Virgin Islands over prisoners in the fifty States. In enacting the amendments to the Revised Organic Act in 1984, Congress "specifically provided that, with respect to the granting of writs of habeas corpus, the relationship between the District Court of the Virgin Islands and the [Superior] Court shall be equivalent to that of the district courts of the United States and the courts of the several States." *Walker*, 230 F.3d at 87; *see also* 48 U.S.C. § 1613. And by enacting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) with its certificate of appealability requirement, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). The majority's reasoning eviscerates both of these principles by enabling prisoners convicted of Virgin Islands crimes to obtain review in our Court as of right

while prisoners in the fifty States must satisfy the onerous gatekeeping requirements of AEDPA.  By doing so, the majority guarantees that this Court will hear *all* habeas appeals filed by Virgin Islands prisoners, not just the ones "deserving of attention."

I respectfully dissent.